## TOMPKINS *v.* THE STATE.

Refusal to continue the case because of the absence of leading counsel can not in this case be held to have been an abuse of discretion.
The evidence authorized the conviction of the accused.

DECIDED OCTOBER 10, 1919.

Accusation of possession of intoxicating liquor; from city court of Wrightsville—Judge Blount. April 24, 1919.

*B. T. Rawlings, B. H. Moye,* for plaintiff in error.

*C. S. Claxton, solicitor,* contra.

BLOODWORTH, J. 1. There is no merit in either of the two motions to dismiss the bill of exceptions.

2. In the motion for a new trial it is alleged that the court erred in refusing to continue the case on account of the absence of leading counsel for the defendant. To the motion for a new trial the trial judge attached the following note: "This case had been continued several times at the instance of defendant's side. At the November term, 1918, the defendant and one of his counsel, Judge Rawlings, were absent, and the bond of defendant was forfeited. On February 10, 1919, about 10 o'clock, a. m., the time this case was set for trial, the same was called, and the motion for continuance made on account of the absence of Judge Rawlings; the same was then set for 1.30 o'clock, to give defendant an opportunity to communicate with and have Judge Rawlings present. At the time set no showing was made that any effort had been

made by defendant to procure the presence of Judge Rawlings, and the case proceeded to trial." When considered in the light of the above qualifying note, and the counter-showing made by the State at the hearing of the motion for a new trial, this court cannot say, as a matter of law, that the judge abused his discretion in refusing to further continue the case.

3. "Where there is some evidence from which the guilt of one accused of crime can be legitimately inferred, it is entirely within the province of the jury to draw that inference."

*Judgment affirmed. Broyles, C. J., and Luke, J., concur.*